UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: BP P.L.C. SECURITIES LITIGATION | Multidistrict Litigation No. 4:10-MD-2185 |
| This document relates to:<br>Peter KAYNES<br>    *Plaintiff,*<br>    v.<br>BP P.L.C.<br>    *Defendant*. | Civil Action No. 4:15-cv-809<br><br>Honorable Keith P. Ellison |

**MEMORANDUM AND ORDER**

Before the Court is a Motion to Dismiss Plaintiff's Class Action Complaint (Doc. No. 6) submitted by BP p.l.c. ("BP") in the above-titled action. After considering the parties' filings, all responses and replies thereto, the oral arguments of the parties, and the applicable law, the Court finds that BP's motion should be **GRANTED**.

In December of 2010, pursuant to the Private Securities Litigation Reform Act, the Court "appoint[ed] New York & Ohio as lead plaintiffs of the class of purchasers of BP ADS and common stock between June 30, 2005 and June 1, 2010."[1] In doing so, the Court "vest[ed] the lead plaintiff[s] with authority to exercise control over the litigation as a whole," granting the lead plaintiffs the "sole authority to determine what claims to pursue on behalf of the class"—a class of which Mr. Kaynes and his entire proposed Canadian class are members.[2] Accordingly, Mr. Kaynes is not entitled to now assert a separate class action based on a claim that the lead plaintiffs determined not to pursue.

---

[1] *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 443 (S.D. Tex. 2010).

[2] *In re Facebook, Inc.*, 2013 WL 4399215, at *3 (S.D.N.Y. Aug. 13, 2013).

1

Additionally, Mr. Kaynes's claim is time barred by the Ontario Securities Act ("OSA").[3] Pursuant to the OSA's three-year statute of limitations, Mr. Kaynes was required to file suit by no later than May of 2011—his claim is based on alleged misrepresentations that were made in May 2007 and May 2008[4]—but he failed to bring his claim until April of 2012, nearly a year after his claim had expired.[5]

According to Mr. Kaynes, however, the OSA provides a potential exception to the rule: Section 138.3(6) affords the Court discretion to treat all of BP's alleged misrepresentations from 2007 to 2010 as a single, continuing misrepresentation made in 2010, which would have given him until 2013 to file his claim. But even assuming that Section 138.3(6) grants the Court discretion to save Mr. Kaynes's claim—it most likely does not—the Court declines to exercise it here. The Deepwater Horizon spill occurred in April of 2010, giving him ample time to file suit before his claim expired in May of 2011. Mr. Kaynes failed to do so, and is unable to provide the Court with a compelling justification for his delay.

Accordingly, BP's Motion to Dismiss Plaintiff's Class Action Complaint is hereby **GRANTED**, and the Class Action Complaint is hereby **DISMISSED** with prejudice.

Signed this 25th day of September 2015.

_____
Hon. Keith P. Ellison
United States District Judge

---

[3] *See* OSA §138.14. Mr. Kaynes, a Canadian citizen, brought his claim under Canadian law.

[4] Under the OSA, the limitations period commences when the document containing the applicable misrepresentation is first released. OSA § 138.14(1)(a)(i). The OSA lacks a discoverability exception.

[5] The parties also entered into a tolling agreement in 2012.